UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SIMON GUZMAN,

v.  Case No. 8:04-cr-610-T-24TBM
    8:06-cv-236-T-24TBM

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Simon Guzman's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. cv-1; cr-809) and the Government's response to the motion to vacate (Doc. cv-7). Guzman did not file a reply to the response.  A review of the parties' submissions, the files, records, and transcripts in this case demonstrates that, for the following reasons, Guzman's motion to vacate must be **DENIED**.

BACKGROUND

On April 12, 2005, Guzman was charged, by superseding indictment, with conspiracy to possess with intent to distribute and to distribute at least 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.  (Doc cr-286).  On April 26, 2005, pursuant to a written plea agreement, Guzman pled guilty to conspiracy to possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 846 & 841(b)(1)(B)(vii). (Doc. cr-332 [plea agreement]; cr-831[transcript of plea hearing]; cr-537 [judgment]). The written plea agreement contained a waiver of appeal that stated:

### 5. Appeal of Sentence -Waiver

The defendant agrees that this court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Doc. cr-332 at 12) At the change of plea hearing, the court ensured that Guzman understood this provision. (Doc. cr-831 at 32-33).

On July 28, 2005, the Court sentenced Guzman to fifty-seven months incarceration. Judgment was entered that day. (Doc. cr-535). Guzman did not file a direct appeal. On February 13, 2006, Guzman timely filed the present motion to vacate.

Construing Guzman's pro se motion as broadly as possible, Guzman claims that the Court erred by 1) accepting his guilty plea without ensuring that he understood the nature and consequences of his plea and without ensuring that his plea was voluntary, in violation of Fed. R. Crim P. 11 and the Constitution; 2) sentencing him without giving him an opportunity to discuss his presentence investigation report (PSR) with his trial counsel; 3) failing to award him a reduction in his offense level pursuant to USSG § 3B1.2 for a mitigating role in his offense; and 4) failing to award him "safety-valve" relief pursuant to USSG § 5C1.2. He also alleges his counsel was ineffective, both as a substantive ground, and as an excuse for his procedural default caused by his failure to appeal, alleging that

his trial counsel failed to 1) inform him of his right to appeal; 2) discuss with him his PSR; and, 3) raise any objection to this Court's alleged errors.

## Grounds One and Four

Specifically, in grounds one and four Guzman alleges that his counsel was ineffective and that his plea was involuntary and unknowing. In support he claims that he did not have the opportunity to discuss the PSR with his attorney. Guzman alleges that because he did not discuss the PSR with his attorney, his due process rights under the Fourteenth Amendment were violated and his plea of guilty was not knowing and voluntary. He cites Rule 11(a)(2) and Rule 32 [in ground four]. He contends in both grounds that he did not raise these issues on direct appeal because his attorney did not advise him that he had the right to appeal.

These claims have no merit. To prevail on a claim alleging ineffective assistance of counsel, Guzman must meet the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Strickland's two-part test requires Guzman to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## Right To Appeal

After imposing sentence, the Court informed Guzman: "to the extent permitted by your plea agreement, you have the right to appeal the sentence that I have just imposed. You must file that notice of appeal within ten days or it is waived." (Doc. cr-813 at 42-43). Because the Court informed Guzman of his right to appeal and the time he had to appeal,

he asserts no viable claim of prejudice stemming from his allegation that his attorney did not inform him of his right to appeal.

### Failure To Review Presentence Report with Attorney

A review of the sentencing transcript reveals that the Court stated to Guzman: "I have in front of me a Present Investigation Report . . . . It has been forwarded to your attorney. I have read through it. Have you had an opportunity to go over it with your attorney?" (Doc. cr-813 at 9) Guzman, who had been previously sworn, responded "Yes," (Doc. cr-813 at 8-9). Guzman asserts no viable claim of prejudice stemming from his alleged inability to view the report; thus any error was harmless. *See Peguero v. United States,* 526 U.S. 23, 224, 27-28 (1999) (no prejudice from violation of Fed R. Crim. P. 32 when Defendant otherwise aware of right to appeal).

### Involuntary Plea

At the change of plea hearing, the United States Magistrate Judge established that Guzman, who was under oath, entered his plea voluntarily and knowingly:

> The Court: Mr. Guzman, anybody promised you anything other than what is set out in your plea agreement in order to get you to plead guilty?
>
> Defendant Guzman: No, sir.
>
> The Court: Has anybody promised you a particular sentence?
>
> Defendant Guzman: No, sir.
>
> The Court: Has anybody threatened you or a member of your family in any way in order to get you to plead guilty?
>
> Defendant Guzman: No, sir.
>
> The Court: Has anybody forced you or do you feel like you are being tricked by anybody into pleading guilty?

>        Defendant Guzman:  No, sir.
>
>        The Court:  You have been represented here I think by both Ms. Ruiz and Mr. Martinez.  Do you have any complaints about anything that either one of them have done for you?
>
>        Defendant Guzman:  No, sir.

(Doc. cr-831 at 36).

The United States Magistrate Judge (Doc. cr-831 at 36-51) made the following finding:

>        Thus, from everything that appears today, Mr. Berlin, Mr. Guzman, Mr. Pettus, Mr. Sinkler and Mr. Hill are each entering their pleas freely and voluntarily with an understanding of the consequences and I will so find and recommend that the case proceed to sentencing.

(Doc. cr-831 at 51).

Guzman stated under oath that he was not coerced or induced into entering into the plea agreement, that he entered into the agreement of his own free will, that he understood the charges against him and the consequences of his plea. Guzman's representations in this regard constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984) ( "[T]he presumption of truthfulness of [defendant's] Rule 11 statements will not be overcome unless the allegations in the § 2255 motion ⋯ include credible, valid reasons why a departure from those earlier contradictory statements is now justified." )

Guzman's own statements in the record belie his contentions that his plea was not voluntary and knowing. *See Bradshaw v. U.S.*, 2005 WL 1669036 *4 (M.D. Fla., July 12, 2005) (slip opinion) ( "Petitioner cannot circumvent the terms of his plea agreement merely

because he does not like the outcome at sentencing." )(citing *U.S. v. Bushert*, 997 F.2d 1343, 1350 (11th Cir.1993). Accordingly, Guzman cannot now claim that the failure to review the PSR with his attorney caused him to enter an voluntary plea. Grounds one and four do not warrant relief.

## Grounds Two and Three

In ground two, Guzman alleges that he should qualify for a minor role or minimal participant role in his case and a reduction of two levels. In ground three, Guzman alleges that he qualified for the "safety valve" provision because he provided "truthfully information to the government he has also provided the name of the person involved in the offense and also because the defendant was not (1) organizer, leader, or supervisor (2) the defendant does not have more than one criminal history point (3) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon."

Grounds two and three are not cognizable under a motion to vacate because attacks on the application of the guidelines or on the calculation of a guidelines range based on the facts of a particular case generally are not properly addressed in a motion to vacate. *Burke v. United States*, 152 F.3d 1329, 1331-32 (collecting cases); *United States v. Diaz Clark,* 292 F.3d 1310, 1316 N. 4 (11th Cir. 2002) (expressing doubt whether claim concerning guidelines misapplication would be cognizable under section 2255 even if not successive. Neither of Guzman's guidelines challenges constitute a fundamental defect that inherently results in a complete miscarriage of justice [or] an omission inconsistent with the demands of fair procedure.

Furthermore, Guzman waived his right to challenge the Court's guidelines calculations in the appeal waiver that was part of his plea agreement. (See above). The

Court specifically questioned Guzman about the appeal waiver and confirmed that he understood the consequences of that provision. (Doc. cr-831 at 32-33). Thus, Guzman's waiver prevents his challenging any sentencing decision that does not fall within one of the enumerated exceptions, and none of his challenges do so.

Irregardless, this Court did not misapply the guidelines. Regarding Guzman's assertion that this Court should have granted him a reduction pursuant to USSG § 3B 1.2 for a mitigating role, the Eleventh Circuit has held that the Defendant who does not move for such a reduction at sentencing waives his right to the reduction. *United States v. Assef*, 917 F.2d 502, 506 n.4 (11th Cir. 1990); *United States v. Hinestroza,* 172 Fed. Appx. 978 (11th Cir. 2006)(unpublished). Guzman did not request a reduction; thus, this Court had no duty to analyze a potential reduction under USSG § 3B1.2. Furthermore, the facts in Guzman's PSR did not support any mitigating-role reduction. *See* PSR ¶ ¶ 60-79 (detailing roles of Guzman and his many co-conspirators; Guzman and others supplied co-conspirator with large quantities of marijuana from Mexico, which Garcia distributed to mid-level dealers who in turn sold to lower-level dealers and street-level customers).

The probation office recommended that Guzman receive no adjustment for his role in the offense under USSG §§ 3B1.1 or 3B1.2, but recommended that Guzman receive the benefit of the safety-valve provision in USSG § 5C1.2. (PSR ¶ ¶ 88, 119). At sentencing, Guzman raised no objections to the probation's recommendations. (Doc. cr-813).

The Court did not adjust Guzman's guidelines offense level for his role in the offense. (Doc. cr-813). The Court did, however, set aside the statutory minimum sentence for Guzman's crime and reduced his guidelines range pursuant to USSG § 5C1.2 (Doc. cr-813 at 12-13, 40). Therefore, Guzman did receive the benefit of the "safety-valve"

7

provision.

Therefore, Guzman's assertion that this Court erred in failing to grant relief pursuant to USSG §5C1.2 lacks merit, as this Court granted Guzman safety valve relief, and Guzman's claim that this court erred in failing to reduce his guidelines range pursuant to USSG § 3B1.2 is both waived by his failure to move for such a reduction and unsupported by the record at sentencing.

Finally, any remaining claims of ineffective assistance of counsel have no merit. The sentence appeal waiver is enforceable against claims of ineffective assistance of counsel at sentencing, because "a contrary result would permit a defendant to circumvent the terms of the sentence appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *See Williams v. United States,* 396 F.3d 1340, 1342 (11th Cir.), *cert. denied,* 126 S. Ct. 246 (2005). Therefore, any claim of ineffective assistance of counsel for failing to object to the Court's application of the guidelines is waived. *See Williams; United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (although "dress[ed] up as a Sixth Amendment claim, defendant really is challenging the correctness of his sentence under the guidelines, and, therefore, is barred by the plain language of his plea agreement; to allow his claim would be to "render [ ] meaningless" such plea agreement waivers).

Accordingly, the Court orders:

That Guzman's motion to vacate (Doc. cv-1; cr-809) is denied, with prejudice. The Clerk is directed to enter judgment against Guzman in the civil case and to close that case.

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to

appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 25, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA:  Karin B. Hoppmann
Pro se:  Simon Guzman